### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>             Plaintiff,                        )<br>                                                            )<br>   vs.                                                 )     No.   16-CR-20032-JAR/TJJ<br>                                                            )<br>LORENZO BLACK,                        )<br>KARL CARTER                              )<br>   a.k.a. "KC,"                                  )<br>ANTHON AIONO,                          )<br>      a.k.a. "THE SAMOAN"          )<br>ALICIA TACKETT                           )<br>      a.k.a "ALICIA STANFIELD,"  )<br>      a.k.a "ALICIA ROWLETTE,"  )<br>CATHERINE ROWLETTE            )<br>   a.k.a. "CATHY,"                          )<br>DAVID BISHOP,                             )<br><br>             Defendants. | |

### **PROTECTIVE ORDER**

This matter comes before the Court on the Government's Unopposed Motion For Entry of A Protective Order Governing Disclosure of Personal Identity Information.

WHEREFORE, the Court finds the parties have agreed to the terms of a protective order governing the disclosure of personal identity information.

THEREFORE, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, it is ORDERED:

1. The United States may provide to the defendants as discovery documents containing unredacted personal identifying information and may provide such in digital format.

2. Defendants and defense counsel are ordered not to use the personal identifying information provided by the Government for any purpose other than litigation in this matter, and

are precluded from disseminating the information to any other person.   Although they are free to show their clients the information while consulting with their respective client in person, defense counsel will not provide the defendant with physical copies of the information or allow the defendant to take notes that include any other individual's personal identifying information. Defense counsel is permitted to provide the documents to any retained expert witness, provided counsel informs the witness of the terms of the protective order, and the expert witness agrees to be bound by the terms.

3. The parties shall comply with Fed. R. Crim. Pro. Rule 49.1 relative to any document they intend to use as an exhibit at trial, or to provide in public filings.

4. Within 90 days of the final conclusion of this litigation, each defendant shall return their respective electronic media, or other document or item containing personal identity information, to the United States Attorney's Office so that the electronic media may be wiped of all data, or shall submit a letter to the United States Attorney's Office certifying they have wiped all data from the drives themselves and destroyed any other document or item containing personal identity information.

IT IS SO ORDERED.

Dated: <u>May 23, 2016</u>

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE