# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**LORENZO BLACK,**
**KARL CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE, and**
**DAVID BISHOP**

    **Defendants.**

Case No. 16-20032-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Federal Public Defender's ("FPD") Amended Motion for Fed. R. Crim. P. 41(g) Return of Information (Doc. 82). Defendants Catherine Rowlette, Lorenzo Black, David Bishop, and Karl Carter join in the FPD's motion (Docs. 89, 96, & 97). Interested Parties Richard Dertinger and David Lougee also join in the motion (Docs. 92 & 94). The Court held an emergency hearing on August 9, 2016, and heard evidence and oral argument from the parties regarding the FPD's motion. The Court issues this Order to supplement its previous oral rulings.

At the hearing, the Court heard evidence that the United States Attorney's Office for the District of Kansas came into possession of video recordings depicting privileged attorney-client communications at the Corrections Corporation of America Leavenworth Detention Center ("CCA Leavenworth").[1] The recordings do not capture audio, but allow a viewer to observe

---

[1] *See Case v. Andrews*, 603 P.2d 623, 626–27 (Kan. 1979)(holding that county jail interfered with attorney-client privilege by video monitoring meetings between inmates and their attorneys in jailhouse).

1

non-verbal communications in six of CCA Leavenworth's eight attorney-client conference rooms with the assistance of pan and zoom functions. These recordings are contained on at least two of six DVR hard drives that CCA Leavenworth produced in response to a Grand Jury subpoena. The subpoena directed CCA Leavenworth to produce the following:

> All video footage or still images currently retained by the Corrections Corporation of America (CCA) depicting any internal or external surveillance video or still image taken between July 2014 and April 12, 2016 at the CCA facility in Leavenworth, Kansas.

Consistent with its oral ruling at the previous hearing, the Court orders the Government to submit to the custody of the Court all originals and copies of DVR hard drives that it received pursuant to the subpoena described above. This order applies to all such hard drives that the Government is aware are in the possession of the United States Attorney's Office or in the possession of law enforcement agents.

The Court also heard evidence that CCA Leavenworth records outgoing phone calls placed by inmates to their attorneys unless the inmate informs CCA Leavenworth that they are placing a call to counsel.

The Court also heard evidence that other detention facilities in Kansas and Missouri that house federal inmates charged in this District record phone, video and/or face-to-face communications between attorneys and their clients. Accordingly, the Court finds reason to order all detention facilities in Kansas and Missouri, as well as CCA, that house detainees charged in this District, to immediately cease and desist all: (1) audio-visual recording of attorney-client communications in the detention facility; (2) audio recording of attorney-client phone calls; and (3) audio-visual recording of attorney-client videoconference calls. The Court further finds reason to order the detention facilities described above to submit written

confirmation to the United States Marshal ("USM") for the District of Kansas that the facilities are not recording any type of attorney-client communications.

The Court also finds reason to direct the USM give the USM for the Western District of Missouri notice of this Court's Order, as it is likely that detainees from that court are housed in some or all of the same facilities that detainees from this Court are housed.

The Court reserves the right to modify this Order at a later date in the event it is satisfied that the facilities described above have systems that are capable of appropriately *monitoring* (for safety reasons) but *not audio or video recording* attorney-client communications.

The parties jointly request the appointment of a special master to segregate all recordings of attorney-client communications from the remainder of the recordings submitted pursuant to the Grand Jury subpoena. The record remains open as to the appointment of a special master. The Court sets a hearing for Tuesday, August 16, 2016 at 1:30 p.m. to determine the appointment and scope of work of a special master in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government shall submit to the Court all originals and copies of DVR hard drives containing recordings of attorney-client communications that the Government is aware are in the possession of the United States Attorney's Office for the District of Kansas or in the possession of law enforcement agents.

**IT IS ORDERED BY THE COURT** that all detention facilities in Kansas and Missouri, as well as CCA, that house detainees charged in the United States District Court for the District of Kansas immediately **CEASE AND DESIST**: (1) audio-visual recording of attorney-client communications in the detention facility; (2) audio recording of attorney-client phone calls; and (3) audio-visual recording of attorney-client videoconference calls.

**IT IS FURTHER ORDERED BY THE COURT** that CCA, and the detention facilities in Kansas or Missouri that house detainees charged in the United States District Court for the District of Kansas shall FORTHWITH submit written confirmation to the United States Marshal for the District of Kansas that the facilities are not audio or video recording any type of attorney-client communications.

**FURTHERMORE**, the United States Marshal for the District of Kansas is directed to give the USM for the Western District of Missouri notice of this Court's Order, as it is likely that detainees from that court are housed in some or all of the same facilities that detainees from this Court are housed.

**IT IS FURTHER ORDERED BY THE COURT** that a hearing is set for Tuesday, August 16, 2016 at 1:30 p.m. to determine the appointment and scope of work of a special master in this case. The parties' Joint Motion to Appoint Special Master remains under advisement.

**IT IS SO ORDERED.**

Dated: August 10, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE