**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**
*Plaintiff,*

**v.** Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
*Defendants.*

---

**MOTION FOR COURT TO IMPOUND ADDITIONAL GOVERNMENT EVIDENCE**

---

The defense asks the Court to order the government to produce all attorney-client phone recordings seized from CCA as a part of this investigation, along with an accounting of its dissemination to defense counsel and to anyone else. CCA recorded attorney-client phone calls, gave those calls to the USAO, and the USAO has distributed the protected communication to other defendants. The recording, seizure, and dissemination of those confidential attorney-client phone calls violates constitutional, legal, and ethical rules just as did CCA's recording and production of confidential attorney-client visits. And, likewise, the issues here

extend beyond privilege, given the magnitude of the USAO search and seizure.

Since the August 9, 2016, hearing, the defense has learned that recorded attorney-client phone calls are part of the government's discovery in this case and have already been disseminated to other defendants. The government had informed *Black* counsel that the USAO targeted the recorded phone calls of some 50 CCA inmates, but did not offer that these include attorney-client phone calls.[1] Counsel in *U.S. v. Black* have now discovered that some phone calls date back to 2011. These calls include defendants and counsel who are unrelated to the investigation or charges in *U.S. v. Black*. As far as *Black* defense counsel can ascertain, all but one of the clients whose attorney-client calls were recorded are *not* defendants in this case.[2] The phone calls far exceed the conspiracy timeline or participants alleged in the *U.S. v. Black* complaint, but the full scope of the intrusion is not yet known. Should the government oppose the Court taking possession of the phone calls, the defense is prepared to present evidence in support of the request.

[1] August 9 Rule 41(g) Motion Hrg., Exh. 446.

[2] And, the one client who is charged in this case, Karl Carter, was calling a different attorney, in an unrelated case.

The defense asks the Court to hear this motion at the hearing scheduled for August 16, 2016, at 1:30.

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
E-mail Address: melody_brannon@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Christopher Oakley
Assistant United States Attorney
Office of the United States Attorney – Kansas City
chris.oakley@usdoj.gov

Erin S. Tomasic
Assistant United States Attorney
Office of the United States Attorney – Kansas City
erin.tomasic@usdoj.gov

Debra L. Barnett
Criminal Chief
Assistant United States Attorney
Office of the United States Attorney – Wichita
debra.barnett@usdoj.gov

Duston Slinkard
Criminal Coordinator
Assistant United States Attorney
Office of the United States Attorney – Topeka
Duston.Slinkard@usdoj.gov

John Jenab
Jenab Law Firm, PA
john.jenab@gmail.com

David J. Guastello
The Guastello Law Firm, LLC
david@guastellolaw.com

Jason P. Hoffman
Hoffman & Hoffman
jphoffman@sbcglobal.net

Kathleen A. Ambrosio
Ambrosio & Ambrosio Chtd.
kaambrosio@yahoo.com

Michael M. Jackson
jacksonmm@aol.com

Cynthia M. Dodge
Cynthia M. Dodge, LLC
cindy@cdodgelaw.com

Shazzie Naseem
Berkowitz Oliver LLP - KCMO
snaseem@berkowitzoliver.com

Catherine A. Zigtema
Law Office of Kate Zigtema LC
kate@zigtemalaw.com

Jonathan L. Laurans
jlaurans@msn.com

Jacquelyn E. Rokusek
Rokusek Law, LLC
rokuseklawoffice@yahoo.com

s/ Melody Brannon
Melody Brannon