IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   *Plaintiff,*

v.           Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
   *Defendants.*

## DEFENSE MEMORANDUM IN SUPPORT OF MOTION FOR SPECIAL MASTER

  Before the Court is a joint request for appointment of a Special Master. The defense proposes that the scope of a Special Master's inquiry should extend beyond cataloging the video recordings of attorney-client visitation at CCA. The USAO's conduct in this case raises questions about its conduct in other cases, as well as its policies, practices, and access to other forms of protected communication. A focused, efficient, and authoritative inquiry would be valuable to the Courts and the litigants.

This Court has authority to appoint a Special Master both by Fed. R. Civ. P. 53,[1] and by its inherent power to manage litigation.[2] The defense has

---

[1] While "the civil rules are not expressly applicable to criminal cases, the courts have used the principles somewhat interchangeably." *United States v. Loera*, __ F.Supp.3d __, 2016 WL 1730357 at 18 (D. N.M. 2016); *see, e.g.*, *United States v. Christy*, 739 F.3d 534, 539–40 (10th Cir. 2014); *United States v. Huff*, 782 F.3d 1221, 1223–24 (10th Cir.2015); *but see United States v. Nacchio*, 555 F.3d 1234, 1245 (10th Cir. 2009).

[2] *In re Peterson*, 253 U.S. 300, 312-13 (1920) ("Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties. This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause. From the commencement of our government it has been exercised by the federal courts, when sitting in equity, by appointing, either with or without the consent of the parties, **special masters**, auditors, examiners, and commissioners.") (emphasis added); *Schwimmer v. United States*, 232 F.2d 855, 865 (8th Cir. 1956) (The "Court may, in its discretion, make appointment of a **Master** to assist in any of the incidents of a proceeding before it, whether civil or criminal, so long as there is no infringement upon the right of trial by jury or any prejudice to other substantive right."); *Ruiz v. Estelle*, 679 F.2d 1115, 116 n. 240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982) (same); *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 746 (6th Cir. 1979) (noting that the authority to appoint "expert advisors or consultants" derives from either Rule 53 or the court's inherent power); Irving R. Kaufman, *Masters in the Federal Courts: Rule 53*, 58 Colum. L. Rev. 452, 462 (1958) ("Over and above the authority contained in Rule 53 to direct a reference, there has always existed in the federal courts an inherent authority **to appoint masters** as a natural concomitant of their judicial power.")

attached a proposed Order[3] that outlines the suggested scope of a Special Master inquiry.

When the Court finds a Sixth Amendment violation, it must "identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial."[4] Available remedies include suppression of evidence,[5] recusal of prosecutors involved in the violation,[6] and dismissal of the indictment.[7] Given the volume of material and the importance of the issues, appointment

---

[3] The proposed Order is fashioned after the requirements set forth in Fed. R. Civ. P. 53, and by the example provided by the Federal Judicial Center, *Appointing Special Masters and Other Judicial Adjuncts* (2d Ed. 2009).

[4] *United States v. Morrison*, 449 U.S. 361, 365 (1980).

[5] *Schillinger,* at 1143 ("*Morrison* makes clear that evidence obtained through an intentional and improper intrusion into a defendant's relationship with his attorney, as well as any 'fruits of [the prosecution's] transgression,' . . . must be suppressed in proceedings against him.").

[6] *Id*; *United States v. Horn*, 811 F. Supp. 739, 752 (D.N.H. 1992) (removing the lead prosecutor from the case and ordering her "not to discuss the documents with any prosecutor or witness in this case and not to participate further in any way, directly or indirectly, in the trial preparation or trial of this case"), *rev'd in part on other grounds*, 29 F.3d 754 (1st Cir. 1994).

[7] *Schillinger v. Haworth*, 70 F.3d 1132, 1143 (10th Cir. 1995).

of a Special Master is essential to factual exposition and the determination of an appropriate remedy. [8]

The record justifies a Special Master. CCA has routinely and surreptitiously recorded video of meetings between counsel and clients that were supposed to be confidential. Attorney-client phone calls were also recorded. Those recordings were then provided to the District of Kansas U.S. Attorney's Office, without notice to any of the defendants. Only when the USAO chose to reveal the recordings did the defense learn of CCA's recording and dissemination practice. And only when the USAO chose to disclose the recordings in discovery and to counsel in an effort to remove her from a case did the defense learn of the USAO's intrusion into attorney-client communications, communications that are protected constitutionally, legally, and ethically. Now, the extent of the phone call recording and dissemination is a pressing, and not yet fully explored, breach into confidential legal communications.

---

[8] *Id*. at 1143 ("Given the inadequacy of the state court factfinding procedures in this case, we have serious concerns about the extent of the prosecutor's intrusion. On the record before us, we cannot determine whether the prosecutor obtained and used other information relevant to Haworth's criminal proceedings that may prejudice Haworth upon retrial of the matter.").

4

Litigation of confidentiality issues is inevitable across the district. These issues can reasonably be expected to appear in motions for discovery, motions to continue, motions for recusal, motions to dismiss, motions to suppress, motions to set aside pleas, motions for sentencing variances, post-trial motions, and post-conviction motions (appeal waivers do not apply to claims of prosecutorial misconduct). A Special Master could coordinate fact-finding and make recommendations that would inform the possible disposition of such litigation. A Special Master inquiry, if adequately defined and resourced, could lessen time-consuming litigation and provide confidence in the outcome. A Special Master would be more effective, efficient, and economical than piecemeal investigation and litigation, so long as the results were accessible to the litigants.

Furthermore, the defense is limited in its ability to fully investigate the extent of the government's conduct, as shown by the evidence presented at the August 9, 2016, hearing. A government investigation of its own misconduct is unsatisfactory for a multitude of reasons.[9] But a Court-directed inquiry through a Special Master would solve the defense limitations and avoid concerns about an USAO internal investigation.

---

[9] *See United States v. Bowen*, 799 F.3d 336, 351-355 (5th Cir. 2015) (criticizing DOJ investigation into its own attorney misconduct as inadequate and procedurally deficient).

## Conclusion

In the short time since our last hearing, we have developed additional evidence that the attorney-client privilege had been breached by the government. We are prepared to present that evidence at the hearing. But instead of the presentation of additional evidence, and case-by-case litigation, we ask this Court to appoint a Special Master. In this exceptional case, this is an appropriate measure.

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
E-mail Address: melody_brannon@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Donald Christopher Oakley
    Assistant United States Attorney
    Office of the United States Attorney – Kansas City
    chris.oakley@usdoj.gov

    Erin S. Tomasic
    Assistant United States Attorney
    Office of the United States Attorney – Kansas City
    erin.tomasic@usdoj.gov

    Debra L. Barnett
    Criminal Chief
    Assistant United States Attorney
    Office of the United States Attorney – Wichita
    debra.barnett@usdoj.gov

    Duston Slinkard
    Criminal Coordinator
    Assistant United States Attorney
    Office of the United States Attorney – Topeka
    Duston.Slinkard@usdoj.gov

    John Jenab
    Jenab Law Firm, PA
    john.jenab@gmail.com

    David J. Guastello
    The Guastello Law Firm, LLC
    david@guastellolaw.com

    Jason P. Hoffman
    Hoffman & Hoffman
    jphoffman@sbcglobal.net

Kathleen A. Ambrosio
Ambrosio & Ambrosio Chtd.
kaambrosio@yahoo.com

Michael M. Jackson
jacksonmm@aol.com

Cynthia M. Dodge
Cynthia M. Dodge, LLC
cindy@cdodgelaw.com

Shazzie Naseem
Berkowitz Oliver LLP - KCMO
snaseem@berkowitzoliver.com

Catherine A. Zigtema
Law Office of Kate Zigtema LC
kate@zigtemalaw.com

Jonathan L. Laurans
jlaurans@msn.com

Jacquelyn E. Rokusek
Rokusek Law, LLC
rokuseklawoffice@yahoo.com

                              s/ Melody Brannon
                              Melody Brannon