# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     Plaintiff     ) | |
|       v.     ) | Case No. 14-4005-03-DDC |
|          ) | |
| MICHELLE REULET,     ) | |
|     Defendant     ) | |

## MOTION FOR RETURN OF INFORMATION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g), AND FOR TRANSFER OF SAID MOTION TO JUDGE JULIE ROBINSON FOR RESOLUTION

Counsel for Michelle Reulet files this motion to preserve potential issues, and to avoid duplicative litigation. The undersigned moves this Court for an Order - pursuant to Fed. R. Crim. P. 41(g) and other pertinent authorities - requiring the Government to return information and property collected contrary to law, refrain from using said information and property wrongfully collected, and for such other relief as the Court may deem appropriate. The subject matter of the instant motion - the unlawful seizure of attorney-client privileged communications of federal detainees in this District - is currently pending in front of the Honorable Julie Robinson, who is presiding over the same motion filed on behalf of others similarly situated to Ms. Reulet, in United States v. Black, et al., 16-CR-20032-JAR. Ms. Reulet will be applying for permission to join that litigation as an "interested party," but it is counsel's understanding that the government has lodged a "standing" objection against several such parties. As such, Ms. Reulet asks this court for an initial Order

1

recognizing Ms. Reulet's motion as having been filed in *this* case, "with proper standing as a CCA pre-trial detainee whose attorney-client privilege may have been breached," and then transferring the litigation and resolution of this motion to Judge Robinson in Black, et al., 16-CR-20032-JAR.

The following is offered in support of the requested relief:

1. As the Court is well aware, there has been an allegation that the United States Attorney's Office has breached the attorney-client privilege constitutionally guaranteed to pre-trial detainees housed at the CCA Detention Facility in Leavenworth. Litigation regarding this allegation is pending in front of the Honorable Julie Robinson, in United States v. Black, et al., 16-CR-20032-JAR.

2. Several hearings in August and September, 2016 were held, and arising out of those proceedings was proof and a conclusion that the U.S. Attorney's Office had indeed subpoenaed videos and telephone recordings from CCA which captured confidential communications protected by the attorney-client privilege, recognized under case law interpreting the Sixth Amendment. See Upjohn v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)(attorney-client privilege is perhaps oldest privilege for confidential communications at common law).

3. The undersigned has reason to believe that, in addition to the U.S. Attorney's Office procuring, viewing and listening to meetings and telephone calls between defense attorneys and their clients, the U.S. Attorney's Office has also wrongfully seized and read attorney-client written communications.

2

4. The actions of the U.S. Attorney's Office as summarized in paragraphs 2 and 3 violate, and/or are contrary to: The Sixth Amendment's guarantee of effective representation, and its recognition of the attorney-client privilege as sacrosanct, fundamental and virtually inviolate; the Fourth Amendment's guarantee against warrantless intrusions and seizures; and, the Fifth Amendment's guarantee of due process of law.

5. On September 7, 2016, First Assistant Debra Barnett assured Judge Robinson that the issues arising out of the subpoenaing of attorney-client calls and videos were confined to "the Kansas City office" of the District of Kansas U.S. Attorney's Office. Unfortunately, that is simply not the case. On August 5, 2016, the undersigned met with Assistant United States Attorney Anthony Mattivi to discuss several cases that counsel and Mr. Mattivi are litigating. During the discussion concerning Ms. Reulet's case, Mr. Mattivi referenced the subject matter of discussions held between Ms. Reulet and Mr. Andino Reynal while Ms. Reulet had been incarcerated. When confronted on the spot by the undersigned about the impropriety of the Government procuring and listening to these communications, Mr. Mattivi replied that he could freely listen because Mr. Reynal was no longer Ms. Reulet's lawyer. The undersigned reminded Mr. Mattivi that to the contrary: 1) Mr. Reynal hadn't yet withdrawn from the above-captioned matter, and, Mr. Reynal continued to represent Ms. Reulet in the closely related civil forfeiture case pending in Houston. Moreover, the undersigned opined that any withdrawal wouldn't excuse or overcome

3

the privilege. Reaching an impasse on the discussion, Mr. Mattivi promised to look into it.

6. Follow up communications shifted to Assistant U.S. Attorney Tanya Treadway and resulted in recorded phone calls, mail and Ms. Reulet's commissary logs being provided to the undersigned counsel in rolling fashion. However, the government maintains their copy.

7. Additionally, government counsel was aware, at least as early as the end of May, that Ms. Reulet was also represented by legal counsel in connection with a driving under the influence charge in Texas as well as a child custody matter involving the father of her child, a witness cooperating with the government. Counsel believes those communications were also seized.

7. Summarizing then, Ms. Reulet is both challenging the procurement of, and seeking the return of all originals and copies of:

- Video recordings of Ms. Reulet's attorney-client meetings at CCA;
- Audio recordings of Ms. Reulet's attorney-client meetings at CCA;
- Video recordings of Ms. Reulet's attorney-client conferences wherein Ms. Reulet is at CCA while Ms. Reulet communicated with counsel from a remote location;
- Audio recordings of Ms. Reulets's attorney-client conferences wherein Ms. Reulet is at CCA while any of her attorneys communicated with her from a remote location;
- Audio recordings of Ms. Reulet's attorney-client telephone conversations.

4

- Attorney-client written communications, as well as all other documents included as attachments or enclosures to same.

And to be clear, Ms. Reulet has been represented in this case not only by the undersigned, but by Mr. Reynal. The relief sought in this paragraph thus extends to all of the above, whether the attorney was the undersigned, Mr. Reynal, or any other attorney.

8. On August 5, 2016, the Federal Public Defender filed its "Motion for Fed. R. Crim. P. 41(g) Return of Information" in <u>Black, et al.</u>, 16-CR-20032-JAR (Doc. 82).

9. Evidentiary hearings were held on August 9, 2016 and August 16, 2016, after which Judge Robinson granted joinder motions of "interested parties." Counsel for the Government filed a response brief on Monday, August 15, 2016, conceding the appointment of a special master, but raising the argument that any aggrieved party, such as Ms. Reulet, who sought to join the <u>Black</u> litigation *lacked standing to raise the attorney-client privilege issues in <u>Black</u>, and could only do so in their own pending cases*. See <u>Black, et al.</u>, 16-CR-20032-JAR (Government Response, Doc. 110 at pages 8-9) Replying to this argument, Judge Robinson made clear on August 16th that she intended to provisionally grant all pending joinder motions to, in effect, have this issue investigated, determined and resolved by her appointed special master in her court. But Judge Robinson acknowledged that her preliminary joinder ruling would not foreclose a "standing" challenge by the Government at a later date.

10. On October 11, 2016, a special master was appointed to investigate the specific claims that the U.S. Attorney's Office has breached pre-trial detainees'

5

attorney-client privileges, as well as all other relevant issues which might arise (including the need to explore ethical violations if the special master deems it appropriate). See Black, et al., 16-CR-20032-JAR (Doc. 146). A hearing to further discuss this appointment is slated for October 28, 2016 at 10:30 a.m. Black, et al., 16-CR-20032-JAR (Doc. 146).

11. There can be no doubt that if, somehow, Ms. Reulet's joinder grant is later reversed by Judge Robinson on the basis of "standing," she certainly could re-file a motion to determine the breach of her attorney-client privilege in *this* Court, in *this* case, *without* the Government being able to assert a "standing" argument. But proceeding in this fashion would not be in the interests of judicial economy, and could potentially lead to rulings from this Court and Judge Robinson, and/or other Courts which lack uniformity on similarly framed issues for similarly situated pre-trial detainees.

12. As such, it only makes sense - in terms of issue preservation - that the undersigned file this motion here and now, and asks that this Court immediately transfer the litigation and resolution of this motion to the Honorable Julie Robinson, who is presiding over the same motion filed on behalf of others similarly situated to Ms. Reulet in the case of Black, et al., 16-CR-20032-JAR. Indeed, if the undersigned did not file this motion, the Government would later surely claim that by filing a joinder motion in Black, et al., 16-CR-20032-JAR, Ms. Reulet only indicated a desire to challenge the Government's conduct, while simultaneously preserving his attorney-client privilege, *in that case alone*. "Waiver" *in this case* would be argued. So,

6

proceeding in this manner (acknowledging this motion and transferring it to Judge Robinson for litigation and resolution) would eliminate the issue of "standing" (at least for Ms. Reulet), and permit Judge Robinson and the special master to devote their time and resources solely to the merits of the claims raised by the Federal Public Defender and those other litigants who have also joined thus far.

13.  By filing this motion, the undersigned is taking no other position *at this time*, and is not seeking any other relief *at this time*, such as a dismissal of his Indictment.  However, the undersigned reserves the right to take additional positions and seek additional relief.  The attorney-client privilege is sacrosanct.  There is no way the undersigned would feel she is providing effective representation per the standards adopted in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), if this issue was waived or abandoned at this point in time, or if the undersigned did not raise and preserve this issue at the first opportunity, so as to avoid later characterizations of "waiver by inaction" asserted by the Government.

WHEREFORE, in light of the above and foregoing, the undersigned respectfully requests that Court enter an Order recognizing Ms. Reulet's motion as having been filed in this case, with "proper standing as a CCA pre-trial detainee whose attorney-client privilege may have been breached," and then transferring the litigation and resolution of this motion to the Honorable Julie Robinson, who is presiding over the same motion filed on behalf of others similarly situated to Ms. Reulet in <u>United States v. Black, et al.</u>, 16-CR-20032-JAR.

7

Respectfully Submitted,

/s/ Melanie S. Morgan
Melanie S. Morgan, KS Bar #16088
Morgan Pilate LLC
926 Cherry St.
Kansas City, MO 64106
816-471-6694  Telephone
Email: mmorgan@morganpilate.com
Attorney for Michelle Reulet

## CERTIFICATE OF SERVICE

I certify that on October 25, 2016, this Motion was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Melanie S. Morgan
Melanie S. Morgan, KS Bar #16088

8