# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        **Plaintiff,**

  **v.**

ANTHON AIONO,
  a/k/a "The Samoan,"

        **Defendant.**

Case No. 16-20032-JAR

FILED IN OPEN COURT
4/5/17
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, D. Christopher Oakley, and Anthon Aiono, the defendant, personally and by and through his counsel, Jason P. Hoffman , hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count One of the Superseding Indictment charging a violation of 18 U.S.C. § 666(a)(1)(B), that is, bribery.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense.  The defendant understands that the maximum sentence which may be imposed as to Count One of the Superseding Indictment to which he has agreed to plead guilty is not more than ten years of imprisonment, a $250,000 fine, 3 years of supervised release, and a $100.00 mandatory special assessment.

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant, Anthon Aiono, was an employee of Corrections Corporation of America (CCA) in Leavenworth, Kansas.  CCA was a private corporation that contracted with government entities to house inmates inside its correctional facility. CCA contracted with the Attorney General of the United States, through the United

States Marshals Service, to provide housing for federal inmates for the Marshal Service at its facilities, including a CCA facility in Leavenworth, Kansas. Therefore, CCA was an organization that received benefits in excess of $10,000 pursuant to a Federal program contract during the one-year period beginning April 15, 2015, and ending April 15, 2016.

Around September 2015, Karl Carter, an inmate at CCA, asked the defendant to bring tobacco and pornographic magazines into the facility for the inmate. The inmate offered to pay the defendant for bringing in contraband. The defendant agreed and, from September 2015 until the defendant's arrest on April 8, 2016, the defendant brought in tobacco, pornography, and synthetic marijuana for the inmate in exchange for money. The defendant received at least $8,000 for bringing in the items, all of which were contraband at the facility.

The defendant met with Lorenzo Black, who was an associate of Carter's, in order to both obtain the contraband that he provided Carter and to obtain payment for his services. Once the defendant brought the contraband into the facility, Carter sold the tobacco and synthetic marijuana to other inmates at CCA. Those inmates paid for the contraband by sending money through persons outside of CCA, including David Bishop.

3.     **Application of the Sentencing Guidelines.**  The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines.  The defendant agrees to waive all constitutional challenges to the validity of the Guidelines.  The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay.  Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines.  The parties agree that the Court will determine the final Guideline range.  The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.     **Relevant Conduct.**  The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all

2

other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)     to dismiss the remaining counts of the Superseding Indictment and the Indictment at the time of sentencing;

(b)     to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c)     to recommend a sentence at the low end of the applicable Guideline range, provided that the defendant does not request a downward departure or a variance;

(d)     to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty; and

(e)     in the event the United States requests the Court to consider reducing the defendant's sentence for his substantial assistance, as discussed below, to allow the defendant to argue for a greater reduction for that substantial assistance than the United States recommends.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

3

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States. Specifically, the defendant agrees:

(a) to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

(b) to provide all information concerning the defendant's knowledge of, and participation in the offenses charged in the * and all related conduct; and

(c) in the event the United States requests the Court to consider reducing the defendant's sentence for his substantial assistance, as discussed below, to not request a downward departure for anything other than his substantial assistance, and to not request a variance for any reason under 18 U.S.C. § 3553(a).

7. **Substantial Assistance.** The defendant acknowledges that he has not yet provided substantial assistance within the meaning of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). He also

acknowledges and understands that the determination as to whether he has provided substantial assistance and whether a U.S.S.G. § 5K1.1 motion will be filed are left entirely and exclusively within the discretion of the United States.  If the United States makes a determination that he has provided substantial assistance, the United States shall request that the Court consider reducing the sentence he would otherwise receive under the applicable statutes and/or sentencing guidelines, pursuant to 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8.    **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence he will receive.

9.    **Forfeiture of Assets.**  The defendant knowingly and voluntarily agrees and consents:

(a)    to the forfeiture of all assets that are directly and indirectly subject to forfeiture to the United States for whatever reason, including but not limited to, the following specific property: $2400 in United States Currency;

(b)    to the forfeiture of the enumerated assets pursuant to any local, state, or federal criminal, civil, judicial, or administrative forfeiture action;

(c)    to waive all constitutional, statutory, procedural, appellate, habeas corpus, and equitable challenges in any manner against any federal, state, or local government regarding the seizure, custody, forfeiture, or disposition of the enumerated assets, including that the government's forfeiture actions constitute an excessive fine, the government failed to give proper notice in the charging instrument, the forfeiture was not addressed by the Court at the time of the guilty plea, the forfeiture was not announced at sentencing, or the forfeiture was not incorporated into the judgment;

(d)    that the conduct described in the Factual Basis paragraph provides a sufficient factual and statutory basis for the forfeiture of the enumerated assets including: (1) the amount of criminal proceeds gained directly or indirectly from the violation(s) upon which any forfeiture money judgment is based; and (2) the requisite nexus between any directly-forfeitable assets and the crime(s) to which the defendant is pleading guilty;

(e)    to the immediate entry of any orders concerning any forfeiture or other disposition of the enumerated assets;

(f)    to take all steps necessary to identify and locate all assets subject to forfeiture, and to transfer custody of such assets to the government prior to sentencing, including signing any necessary transfer or title documents;

(g)    to the forfeiture of any substitute assets pursued by the government to satisfy any outstanding personal forfeiture judgment;

(h)    to the abandonment and the transfer to the government of all of his right, title and interest in the cited assets;

(i)    to the destruction or to any other disposition of the enumerated assets by any local, state, or federal agency having possession or control of the assets;

(j)    that the forfeiture, or other governmentally-determined disposition, of the enumerated assets shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

10.    **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.**  The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a)    Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change.  Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns.  The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b)    Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.  Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation.  Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c)    Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d)     Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)     Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)     Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)     If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h)     Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i)     Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

(j)     Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k)     Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

(l)     Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

11.    **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

7

12.    **Payment of Special Assessment.**    The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.    The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.    The defendant has the burden of establishing an inability to pay the required special assessment.    The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

13.    **Waiver of Appeal and Collateral Attack.**    The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.    The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.    The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).    In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).    Notwithstanding the forgoing waivers, the parties

understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15.    **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16.    **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice

and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

18.    The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Date: 4-3-17

D. Christopher Oakley
Assistant United States Attorney
500 State Avenue
Kansas City, KS 66101
Ph. 913-551-673-
Fax. 913-551-6541
Ks.S.Ct. No. 19248

Date: 3-31-17

Scott C. Rask
Assistant United States Attorney
Supervisor

Date: 4/3/17

Anthon Aiono
Defendant

Date: 4-5-2017

Jason P. Hoffman
100 SE 9th St.
Topeka, KS  66612
785-233-5887
Ks. S.Ct. No. 17657
Counsel for Defendant