**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff : | |
| : | **CASE NO. 16-CR-20032** |
| vs. : | |
| : | |
| **LORENZO BLACK,** *et al.*, : | |
| Defendants : | |
| : | |

**MEMORANDUM AND ORDER REGARDING**
**REQUESTS FROM ALLEGEDLY INTERESTED PARTIES**

The Court has received two requests filed by criminal defense attorney Frederick A. Duchardt, Jr., on behalf of two of his clients: Jerry Scott and Charles Hall. *See* docket nos. 281 & 282). Attorney Duchardt explains that both Scott and Hall: (1) were incarcerated at CCA-Leavenworth Detention Center during the 2012–2015 timeframe, while awaiting trial on charges filed in the United States District Court for the Western District of Missouri; and (2) used Securus telephones to make calls from CCA-Leavenworth to defense counsel. Specifically, Scott called the Federal Public Defender's Office for the Western District of Missouri at 816-471-8282, and Hall called attorney Duchardt at 816-213-0782, both for the purpose of discussing their cases.

Noting that this Court has appointed Special Master David R. Cohen to pursue a "factfinding process regarding the government's obtaining, and possibly putting to use, the recordings of inmate telephone calls" made while at CCA-Leavenworth, attorney Duchardt asks the Court to "direct the Special Master to report to this Court and to [Duchardt] whether there exist any recordings of telephone calls" made to the two above-listed telephone numbers. Docket no. 281 at 2, 4-5. Duchardt asserts that, although the Special Master issued a Report listing 229 recorded calls made to known attorney telephone numbers, the Special Master did not produce a "comprehensive report

regarding which attorneys were recorded and which attorneys were not." *Id.* at 3.

For several reasons, the Court must **DENY** the two requests filed by attorney Duchardt. First, every individual who made a telephone call to defense counsel while incarcerated at CCA-Leavenworth is just as much an "interested party" as are Scott and Hall. Neither the Court nor the Special Master have the time or funds available to undertake *individualized* investigations into whether Securus recorded phone calls made by each of these potentially thousands of "interested parties." This is even more true for "interested parties" who were charged by the United States Attorneys Office for the Western District of Missouri, which has not been implicated in the instant case.

Further, the Special Master has already done much of what Duchardt requests. As explained in his *Second Report Regarding Telephone-Call Audio Recordings* (docket no. 187), the Special Master:

- created a database of 18,494 known attorney telephone numbers, by obtaining lists from the following sources (among others): (1) the Federal Public Defender's Offices for the District of Kansas, the Western District of Missouri, and the District of Nebraska; (2) the Criminal Justice Act Panels for the District of Kansas, the Western District of Missouri, and the District of Nebraska; and (3) all attorneys who are admitted to practice in federal court in the District of Kansas (including admission pro hac vice and by reciprocity from the Western District of Missouri).

- examined 48,802 individual recorded telephone audio files produced by the United States Attorney's Office for the District of Kansas to determine if any of those calls were made to one of the 18,494 known attorney telephone numbers.

The Special Master concluded that 229 of the 48,802 recorded calls were made to a total of 32 different known attorney telephone numbers.  *See* docket no. 187 at 5.  This means the rest of the recorded calls were ***not*** made to a known attorney telephone number; and no calls were recorded to any ***other*** of the known attorney telephone numbers.  Ultimately, this means that none of the recorded calls were made to the two telephone numbers of interest to attorney Duchardt.[1]

In sum, the Court's directions to the Special Master are already wide-ranging, and there are limits on the time and money available for his investigation.  Duchardt's individualized requests would expand this investigation even further.  Moreover, the Special Master's earlier Report confirms that none of the recorded calls made from CCA-Leavenworth went to either of the two telephone numbers of interest to Scott and Hall.  Duchardt's request to put a finer point on the matter, by re-examining specific telephone numbers and expanding the universe to all possible recorded calls, asks too much.

IT IS SO ORDERED.

Dated: August 19, 2017

                                                      S/ Julie A. Robinson
                                                      JULIE A. ROBINSON
                                                      UNITED STATES DISTRICT

---

[1] The Court has confirmed that the two telephone numbers of interest to Duchardt ***were*** included in the Special Master's list of known attorney telephone numbers.