## Declaration of Carlos Moran

I, Carlos Moran, hereby swear and state as follows under penalty of perjury:

1. I represented Mr. Juan Antonio Herrera-Zamora (USM# 48240-051) in *United States v. Herrera-Zamora, et al.* – 14-cr-20049-CM-01 (D.Kan). I am not licensed to practice law in the state or District of Kansas. I was admitted pro hac vice to appear in this case and entered my appearance in July 2015.

2. I was concerned that my calls with Juan were being recorded, and I talked to Connie Phelps at CCA-Leavenworth about it. She only directed me to talk to the case manager at CCA and set up calls with Juan in the case manager's office. I did this occasionally, but often, the case manager wasn't available. Juan also called me from the pod.

3. No one at CCA told me about a formal process to privatize my phone numbers.

4. I allowed Juan called me on both my office number (270) 247-1678 and my cell phone number (270) 705-8520, as I am often out of the office.

5. I didn't use a dialect when speaking on the phone with Juan. He may have used a slang word on occasion. I only speak formal Spanish, there are no dialects in the Spanish language.

6. I suspected my calls with Juan from CCA were being recorded because I am familiar with electronic surveillance and also because of comments made to me by the prosecutor, SAUSA Erin Tomasic.

7. My suspicions were ultimately confirmed by the following incident:

   Tomasic had listed as an exhibit, a recording of a call between cooperating defendant Carlos Gonzalez and an unknown person telling him which hotel to stay in. The government alleged that the unknown person was Juan. I investigated the matter and then listed the same exhibit as a defense exhibit. Tomasic then filed a motion in limine, saying that her own exhibit was irrelevant. There was no way Tomasic could have known why I was using the exhibit unless she listened to my phone calls with Juan. I argued that the only reason the Government opposed the introduction of their own exhibit was after learning the caller was not Juan.

8. A few weeks before the trial, several inmates in CCA called me with vague allegations of government dishonesty and planting evidence. I mentioned this situation to Judge Murgia with respect to witnesses represented by counsel contacting me at the pre-trial hearing when we were discussing exhibits. I brought it up because I didn't want to be accused of doing something unethical because other inmates had called me unsolicited. Tomasic mentioned at the hearing that she was either obtaining my calls or had someone listening to my calls to make sure I wasn't doing anything unethical with these inmates. I believe now that she was trying to stop me from learning of unethical practices in her office.

1



9. I filed the motion regarding the government listening to my calls after I read about the *Black* litigation and with the exhibit situation in mind. But during a subsequent phone conference, Tomasic and Zabel convinced me that they had not listened to my calls. Taking them at their word, I made the decision to have my co-counsel withdraw the motions.

I hereby swear under penalty of perjury, as outlined in 28 U.S.C. § 1746, that the foregoing statements in this Declaration are true and accurate to the best of my knowledge and belief.

_____  Executed on: 01/25/2018
Carlos Moran