IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Case No. 16-CR-20032-JAR** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Government's Motion for a Status** |
| | ) | **Conference** |
| LORENZO BLACK, | ) | |
| KARL CARTER, | ) | |
| ANTHON AIONO, | ) | |
| ALICIA TACKETT, | ) | |
| CATHERINE ROWLETTE, and | ) | |
| DAVID BISHOP, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the special master Investigation, hereby moves this Court to set a status conference, perhaps on Friday, April 6, 2018, to clarify the issues to be addressed and evidence to be presented when the Court reschedules the three-day hearing that previously was set for April 4-6, 2018.  The basis for this request is set out below.

A.    <u>Factual and Procedural Background</u>

1.    On October 20, 2017, the court-appointed special master issued a "First Status Report Regarding Phase III Investigation." [Docket #298].  In that report, the special master noted that the government had respectfully declined to provide documentation and information that he

had requested from the United States Attorney's Office for the District of Kansas ["USAO"] as part of his "Phase III investigation," and noted that this Court had stated that non-compliance with his requests could result in the "fees, costs, and expenses associated with that noncooperation [being shifted to] the government."  Report at 9-10 (quoting Phase III Order, Docket #253 at p.48 n.60) (brackets added).

2.    On October 25, 2017, this Court set a hearing for November 28, 2017, "to discuss the Special Master's findings concerning the government's failure to comply with the Phase III investigation and the appropriate response and/or remedies for such."  [Docket #300].

3.    On that same day, the Federal Public Defender moved this Court to issue an order to show cause.  [Docket #301].

4.    In a text order on November 9, 2017, over objection by the Federal Public Defender, the Court granted a government motion to reschedule the hearing until January 18, 2018, due to an unavoidable scheduling conflict for government counsel.  [Docket #308].

5.    On November 24, 2017, government counsel sent a letter to the special master noting that the special master's "appointment and investigation were triggered by allegations of widespread and ongoing violations of the Sixth Amendment and attorney-client privilege involving CCA Leavenworth and the [USAO]" but that his "investigation has helped demonstrate that there is no evidence supporting those allegations."  The letter further expressed concern about the "unprecedented nature of [the Phase III] investigation," and pointed out that "no litigant here has cited to a federal court decision involving a similarly intrusive judicial inquiry into the operations of a co-equal branch of government, and certainly to no appellate court decision endorsing an investigation like yours."  Government counsel explained that the government was concerned that the special master's Phase III investigation was violating the constitutional

separation of powers and running afoul of Article III.  Government counsel encouraged the special master "to refrain from issuing further demands for documents or information from the government by subpoena or otherwise before the hearing set for January 18, 2018," to enable the government to first raise its concerns with the Court at the hearing.  [Docket #336-1 at pp. 5-6].

6.     Despite the government's request, the special master issued subpoenas *ad testificandum* to a number of present employees and a former employee of the USAO, each accompanied by a testimonial summary as required by 28 C.F.R. § 16.23(c), known as a "*Touhy* notice." [Docket #336-1 at pp. 19-45].  He also served government counsel with a subpoena *duces tecum* [Docket #336-1 at pp. 12-17], and a "production order," which demanded the same documents as the subpoena.  [Docket #317].  The subpoenas and production order all were returnable on the hearing date, thereby indicating for the first time that the January 18, 2018 proceeding would be an evidentiary hearing.

7.     The Federal Public Defender also issued a number of subpoenas, including to present and former USAO witnesses, for both testimony and documents.  The testimonial subpoenas to present and former federal government employees were accompanied by *Touhy* notices.  [Docket #328, #329, #330, #330-1, #331, #347, #348, #363-1, #363-2, #366, #367, #368, #369, #378, #379, #383, #384].  These subpoenas also were returnable at the January 18, 2018 hearing.

8.      On January 12, 2018, in ruling on government motions to quash the above-described subpoenas and to terminate the Phase III investigation, this Court wrote this:

> [T]he January 18, 2018 hearing is necessary to address several pretrial motions before the Court. This hearing will address the FPD's motion for order to show cause, as well as "any other issues the parties may want to address related to the Phase III investigation." These related issues include a volume of Rule 41 motions filed in this case and related cases, and also a motion to dismiss premised on allegations of prosecutorial misconduct. The January 18, 2018 hearing will inform

whether the Phase III investigation is both proper and necessary to the resolution of the underlying pretrial motions and issues in this case.

9.    On January 12, 2018, the government filed a motion to bifurcate, which this Court later denied.  Among other things, that motion explained that:

> [B]ased on the summaries of testimony sought from the current and former employees of the Department of Justice . . . which the Federal Public Defender and the special master each submitted pursuant to 28 C.F.R. § 16.23(c) – it appears that both the Federal Public Defender and the special master intend to ask these witnesses questions that the witnesses are not permitted to answer without authorization. *See* 28 C.F.R. § 16.24(a) and (b). Given the nature of the testimony sought, it is unlikely that such authorization will be forthcoming or, at the very least, immediately available.

Docket #371 at p. 4.

10.    On January 18, 2018, the Court of Appeals for the Tenth Circuit stayed the hearing, causing this Court to cancel it.  [Docket #386, #387].

11.    On February 28, 2018, this Court reset the hearing for April 4 through 6, 2018, with the final day devoted to presentation of evidence by the Federal Public Defender.  [Docket #401].

12.    The Federal Public Defender then sought, and this Court granted, authorization to subpoena approximately 22 witnesses, including 13 present and former USAO employees and other federal employees, to testify at the hearing.  The Federal Public Defender provided *Touhy* notices for federal government employees.  [Docket #408, #409, #409-1, #410, #411, #411-1, #412, #412-1, #414, #415, #416, #417, #418, #419, #420].

13.    On March 26, 2018, the Court postponed the hearing to a date to be determined later. [Docket #423].

**B.**    <u>**Discussion**</u>

The government hereby respectfully requests a status conference – perhaps to be set for Friday, April 6, 2018[1] – to discuss, clarify, and focus the issues to be addressed and the evidence each party anticipates presenting at the hearing concerning the special master's status report.  The government believes that such a conference will assist the Court and all involved parties.  It will streamline the hearing, better ensure the orderly and efficient presentation of evidence, and enable to parties to give advance consideration to matters that will be raised at the hearing.

For example, a status conference will inform the parties' preparation for the hearing, which should enable them to better assist the Court in resolving matters that are presented.   The Court has stated that the hearing will include "any other issues . . . related to the Phase III investigation."  A status conference will help identify the issues that the Court would like the parties to address at the hearing, as well as the issues that each party plans to raise.

Further, a status conference may promote agreement as to certain evidentiary issues. For example, according to the evidentiary summary that the Federal Public Defender submitted under 28 C.F.R. § 16.23(c) for USAO employee Pauletta Boyd, it appears that the testimony sought from Ms. Boyd is substantially identical to testimony that she already gave under oath at a hearing in *United States v. Dertinger*.  Indeed, the Federal Public Defender previously moved to include a transcript of Ms. Boyd's *Dertinger* hearing testimony into the record in this case.  [Docket #299]. It is possible that the parties can agree to inclusion of this transcript into the record rather than have Ms. Boyd appear as a witness at the hearing merely to repeat her previously-provided sworn testimony.   A status conference could facilitate arrangements like this to streamline the hearing

---

[1] It is government counsel's understanding that the Federal Public Defender is now engaged in a trial but will be available on Friday, April 6, 2018.  Unless the Federal Public Defender disagrees, it would make sense to schedule a status conference when she is available.

and save the Court time.  At the minimum, the parties can exchange witness and exhibit lists and discuss exchange of witness statements, if any, to promote the orderly presentation of evidence.

Further, the Federal Public Defender's and special master's *Touhy* notices identify areas of inquiry that appear unrelated to the issues properly before the Court.  A status conference may enable the Court to focus the proper scope of the evidence to be presented in advance of the hearing.  In addition, based on the *Touhy* notices that the Federal Public Defender and the special master submitted, much of the testimony that they seek from present and former Department of Justice employees consists of "information relating to material contained in the files of the Department, or any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status."  28 C.F.R. § 16.21(a).  Federal law prohibits these witnesses from disclosing such information unless they are authorized to do so.  *See* 28 C.F.R. §§ 16.24, 16.25, 16.28.  And, as the government explained in its motion to bifurcate, "given the nature of the testimony sought, it is unlikely that such authorization will be forthcoming . . . ."  A status conference will provide an opportunity to discuss these and other issues presented by the *Touhy* regulations.

Finally, government counsel notes that he is unavailable, either for a status conference or a hearing, due to pre-arranged personal travel from and including Friday April 20, 2018, to and including Monday, April 30, 2018.  In addition, government counsel will be traveling to New York City on April 11 for an oral argument before the Court of Appeals for the Second Circuit on April 12, 2018.

**C.**     <u>**Conclusion**</u>

For the reasons stated above, the government respectfully requests that the Court set a status conference on a date convenient for the Court and when the Federal Public Defender and government counsel both are available, perhaps on April 6, 2018.

.          .                                          Respectfully submitted,

Steven D. Clymer
Special Attorney for the United States

**Certificate of Service**

I hereby certify that on the 28th day of March, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York
