# Exhibit A

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

### District of Kansas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 16-20032-02-JAR |
| Karl Carter | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:   United States Attorney Stephen R. McAllister
      500 State Avenue, Suite 360, Kansas City, KS 66101

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: Attn:  Special Master David R. Cohen, Chambers of Chief Judge Julie Robinson, Room 511, US Courthouse, 500 State Avenue, Kansas City, KS 66101 | Date and Time:   08/31/2018 1:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:   08/17/2018

CLERK OF COURT

—DEPUTY CLERK

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   David R. Cohen, Special Master , who requests this subpoena, are:

Alleen C. VanBebber, 2029 West 95th St., Leawood, KS 66206, 913-384-5359, vanbebberlaw@aol.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.



AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.  16-20032-02-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

The Court-appointed Special Master hereby demands production of the following documents and materials that are or were in the possession, custody, or control of the United States Attorney's Office for the District of Kansas. For all demands, unless a different time frame is indicated, the relevant time frame is January 1, 2014 through May 1, 2017.

Counsel please take note: These demands are not intended to demand production that would violate any statutory or common law provision. In addition, they specifically are not intended to implicate factors that could justify refusal to comply in full or in part with this subpoena duces tecum, as those factors are set out in 28 CFR §16.26(b). Should the Department of Justice deny disclosure of anything demanded herein, please identify the denial by reference to the factor(s) in §16.26(b) deemed applicable to that denial, and identify the official who is refusing to comply.

All responses to these demands shall be delivered to the attention of Special Master David R. Cohen, at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, KS 66101, **on or before August 31, 2018,** for review by all counsel of record in *Black*.

Definitions:

a. "accessed" means sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do one or more of those things. It also means directly receiving information, materials, or objects of any kind or type; or indirectly receiving information about or descriptions of information, materials, or objects that were accessed by another person;

b. "are or were in the possession, custody, or control" includes documents or materials, or exact copies of the same, that (1) are now in the possession, custody, or control of the United States Attorney's Office for the District of Kansas, and which must be produced, and (2) documents or materials that once were in the possession, custody, or control of that office but no longer remain so, which must be reasonably identified along with a statement as to why that office no longer possesses, has custody of, or controls either the originals or copies.

c. "AUSA" means Assistant United States Attorney; "SAUSA" means Special Assistant United States Attorney.

d. "*Black*" means the underlying case of *U.S. v. Lorenzo Black*, Case No. 2:16-CR-20032, U.S. District Court for the District of Kansas, and its named defendants and any interested parties as identified in the docket of that case. It also means those cases and individuals who have filed motions under Fed. R. Crim. Procedure Rule 41 and/or 28 U.S.C. §2255 alleging relief arising out of evidence or findings in *Black*.

e. "CCA" means the Corrections Corporation of America (now known as "CoreCivic") detention facility, Leavenworth, Kansas.

f. "document(s)" or "material(s)" means anything written, printed, electronically created, or copied that serves to record or chronicle information;

g. "the Investigation" means any and all of the three phases of investigation that were authorized by the Court in *Black* and ordered to be conducted by the Special Master appointed by the Court.

h. "U.S. Attorney," and "First Assistant U.S. Attorney," means those officials serving in the District of Kansas at any time during the relevant time period and to the date of production;

i. "USAO-DKan" means the United States Attorney's Office for the District of Kansas;

j. "USAO-DKan personnel" means all employees of the United States Department of Justice working at or assigned to the United States Attorney's Office for the District of Kansas.

*   *   *   *   *

Please produce:

1. Any and all documents and materials created by USAO-DKan personnel and provided to USAO-DKan employees, contractors, and/or any federal, state, or local agent, to the extent such documents or materials concern or relate to retention, preservation, and production of materials that relate to or concern *Black* or the Investigation.

2. Any and all documents and materials sent, given to, or received by AUSA Emily Metzger in response to her instructions concerning retention, preservation, and production of materials that relate to or concern *Black* or the Investigation.

3. A list or log of all repositories in the USAO-DKan information systems that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master (the list of search terms is contained in *Black* docket 298-4, exh. D). Respositories may be identified by employee initials for USAO-DKan personnel, if applicable. A repository may be identified artificially if its description would reveal contents claimed to be privileged from disclosure under 28 C.F.R. §26.26.

4. Any and all documents or materials that reference, discuss, describe or pertain to:

   (a) USAO-DKan management instructions to USAO-DKan personnel, and its agents and contractors, as to what level of cooperation would be provided to the Special Master by USAO-DKan;

   (b) Directions or instructions of any kind or nature, directed to a specific employee, agent, or contractor, or concerning a specific employee, agent, or contractor, as to whether that employee, agent, or contractor was or is now permitted to meet with

the Special Master, whether at the Special Master's request or at the recipient's request;

(c) Directions or instructions of any kind or nature, to any USAO-DKan personnel, its agents, or its contractors that authorize, limit, or forbid preparing for or providing documents and material to the Special Master.

5. Any and all documents or materials that discuss or describe "taint teams" used in *Black.*

6. Any documents or materials not already filed as exhibits in the *Black* case, relating to allegations that personnel, contractors, and agents of USAO-DKan personnel and their contractors acted in violation of the U.S. Constitution by obtaining, possessing, listening to, or watching confidential communications of inmates and attorneys. This demand seeks information created during the defined time period and any time since then.

7. Any documents or materials that discuss a meeting to include AUSA Kim Flannigan or SAUSA Erin Tomasic, or both, and Attorney Jacquelyn Rokusek, limited to a case where Rokusek represented Richard Dertinger.

8. Any documents or materials regarding Tomasic's issuance of any Grand Jury subpoena in *Black.* This demand is limited to documents or materials that: (a) were created prior to issuance of any such subpoena, and (b) are not prohibited from disclosure under Fed. R Crim. Pro. 6(e).

9. Any documents or materials authored or received by any USAO-DKan attorney concerning representations that Tomasic already did make, or might later make, to the Court in *Black,* limited to those concerning (a) audio or video recordings of inmates at CCA; and (b) Tomasic's after-hours entry into Judge Robinson's chambers.

10. Any documents or materials authored or received by any USAO-DKan attorney, identifying who would take attorney responsibility for the *Black* case; who would be permitted in the courtroom during *Black* hearings; and who would sign filed documents in the *Black* case.

11. A list of every individual working at, working with, or detailed to the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and other contractors) who is known to have accessed (whether deliberately or inadvertently):

(a) any video recording of attorneys meeting at CCA with detainees; and or,

(b) any telephone conversations between CCA detainees and attorneys.

12. For every person identified in item 11 who directed or permitted someone else to listen to or view an audio or video recording, identify the persons who: (a) so directed or permitted, and (b) were so directed or permitted.

13. Any and all documents and materials relating to the preservation or non-preservation of any computer, computer software, disk, or other electronic paraphernalia used by USAO-DKan to allow viewing of video recordings produced by CCA and related to *Black*. This demand goes to the time before and after the Court ordered preservation of such materials by the USAO-DKan, and  it includes production of documents or materials that prescribe the time frame for the regular district-wide implementation of computer phaseouts identified in the Court's order.

# Exhibit B

Code of Federal Regulations
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.21

§ 16.21 Purpose and scope.

Currentness

(a) This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status:

(1) In all federal and state proceedings in which the United States is a party; and

(2) In all federal and state proceedings in which the United States is not a party, including any proceedings in which the Department is representing a government employee solely in that employee's individual capacity, when a subpoena, order, or other demand (hereinafter collectively referred to as a "demand") of a court or other authority is issued for such material or information.

(b) For purposes of this subpart, the term employee of the Department includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials.

(c) Nothing in this subpart is intended to impede the appropriate disclosure, in the absence of a demand, of information by Department law enforcement agencies to federal, state, local and foreign law enforcement, prosecutive, or regulatory agencies.

(d) This subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (126)

Current through June 15, 2017; 82 FR 27601.

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 28. Judicial Administration
    Chapter I. Department of Justice
      Part 16. Production or Disclosure of Material or Information (Refs & Annos)
        Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.22

§ 16.22 General prohibition of production or disclosure in Federal
and State proceedings in which the United States is not a party.

Currentness

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

(b) Whenever a demand is made upon an employee or former employee as described in paragraph (a) of this section, the employee shall immediately notify the U.S. Attorney for the district where the issuing authority is located. The responsible United States Attorney shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.

(d) When information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (88)

Current through June 15, 2017; 82 FR 27601.

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

---

| |
|---|
| Code of Federal Regulations<br>  Title 28. Judicial Administration<br>    Chapter I. Department of Justice<br>      Part 16. Production or Disclosure of Material or Information (Refs & Annos)<br>        Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos) |

28 C.F.R. § 16.23

§ 16.23 General disclosure authority in Federal and State proceedings in which the United States is a party.

Currentness

(a) Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the "originating component" as defined in § 16.24(a) of this part, to reveal and furnish to any person, including an actual or prospective witness, a grand jury, counsel, or a court, either during or preparatory to a proceeding, such testimony, and relevant unclassified material, documents, or information secured by any attorney, or investigator of the Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: *Provided*, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part: *And further provided*, An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding, the Director of the Executive Office for United States Trustees (hereinafter referred to as "the EOUST"), or such persons' designees.

(b) An attorney may seek higher level review at any stage of a proceeding, including prior to the issuance of a court order, when the attorney determines that a factor specified in § 16.26(b) exists or foresees that higher level approval will be required before disclosure of the information or testimony in question. Upon referral of a matter under this subsection, the responsible Assistant Attorney General, the Director of EOUST, or their designees shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (58)

Current through June 15, 2017; 82 FR 27601.

---

End of Document                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.24

§ 16.24 Procedure in the event of a demand where disclosure is not otherwise authorized.

Currentness

(a) Whenever a matter is referred under § 16.22 of this part to a U.S. Attorney or, under § 16.23 of this part, to an Assistant Attorney General, the Director of the EOUST, or their designees (hereinafter collectively referred to as the "responsible official"), the responsible official shall immediately advise the official in charge of the bureau, division, office, or agency of the Department that was responsible for the collection, assembly, or other preparation of the material demanded or that, at the time the person whose testimony was demanded acquired the information in question, employed such person (hereinafter collectively referred to as the "originating component"), or that official's designee. In any instance in which the responsible official is also the official in charge of the originating component, the responsible official may perform all functions and make all determinations that this regulation vests in the originating component.

(b) The responsible official, subject to the terms of paragraph (c) of this section, may authorize the appearance and testimony of a present or former Department employee, or the production of material from Department files if:

(1) There is no objection after inquiry of the originating component;

(2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and

(3) None of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure.

(c) It is Department policy that the responsible official shall, following any necessary consultation with the originating component, authorize testimony by a present or former employee of the Department or the production of material from Department files without further authorization from Department officials whenever possible: *Provided*, That, when information is collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of the Department or by the EOUST, the Assistant Attorney General in charge of such a division or the Director of the EOUST may require that the originating component obtain the division's or the EOUST's approval before authorizing a responsible official to disclose such information. Prior to authorizing such testimony or production, however, the responsible official shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information, the disclosure of which would not be inconsistent with the considerations specified in § 16.26 of this part.

(d)(1) In a case in which the United States is not a party, if the responsible U.S. attorney and the originating component disagree with respect to the appropriateness of demanded testimony or of a particular disclosure, or if they agree that

such testimony or such a disclosure should not be made, they shall determine if the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department or the EOUST. If so, the U.S. attorney shall notify the Director of the EOUST or the Assistant Attorney General in charge of the division responsible for such litigation or investigation, who may:

(i) Authorize personally or through a Deputy Assistant Attorney General, the demanded testimony or other disclosure of the information if such testimony or other disclosure, in the Assistant or Deputy Assistant Attorney General's judgment or in the judgment of the Director of the EOUST, is consistent with the factors specified in § 16.26(a) of this part, and none of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure;

(ii) Authorize, personally or by a designee, the responsible official, through negotiations and, if necessary, appropriate motions, to seek to limit the demand to matters, the disclosure of which, through testimony or documents, considerations specified in § 16.26 of this part, and otherwise to take all appropriate steps to limit the scope or obtain the withdrawal of a demand; or

(iii) If, after all appropriate steps have been taken to limit the scope or obtain the withdrawal of a demand, the Director of the EOUST or the Assistant or Deputy Assistant Attorney General does not authorize the demanded testimony or other disclosure, refer the matter, personally or through a Deputy Assistant Attorney General, for final resolution to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(2) If the demand for testimony or other disclosure in such a case does not involve information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department, the originating component shall decide whether disclosure is appropriate, except that, when especially significant issues are raised, the responsible official may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part. If the originating component determines that disclosure would not be appropriate and the responsible official does not refer the matter for higher level review, the responsible official shall take all appropriate steps to limit the scope or obtain the withdrawal of a demand.

(e) In a case in which the United States is a party, the Assistant General or the Director of the EOUST responsible for the case or matter, or such persons' designees, are authorized, after consultation with the originating component, to exercise the authorities specified in paragraph (d)(1)(i) through (iii) of this section: *Provided*, That if a demand involves information that was collected, assembled, or prepared originally in connection with litigation or an investigation supervised by another unit of the Department, the responsible official shall notify the other division or the EOUST concerning the demand and the anticipated response. If two litigating units of the Department are unable to resolve a disagreement concerning disclosure, the Assistant Attorneys General in charge of the two divisions in disagreement, or the Director of the EOUST and the appropriate Assistant Attorney General, may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25(b) of this part.

(f) In any case or matter in which the responsible official and the originating component agree that it would not be appropriate to authorize testimony or otherwise to disclose the information demanded, even if a court were so to require, no Department attorney responding to the demand should make any representation that implies that the Department would, in fact, comply with the demand if directed to do so by a court. After taking all appropriate steps in such cases to limit the scope or obtain the withdrawal of a demand, the responsible official shall refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(g) In any case or matter in which the Attorney General is personally involved in the claim of privilege, the responsible official may consult with the Attorney General and proceed in accord with the Attorney General's instructions without subsequent review by the Deputy or Associate Attorney General.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (122)

Current through June 15, 2017; 82 FR 27601.

---

End of Document                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
    Title 28. Judicial Administration
        Chapter I. Department of Justice
            Part 16. Production or Disclosure of Material or Information (Refs & Annos)
                Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.25

§ 16.25 Final action by the Deputy or Associate Attorney General.

Currentness

(a) Unless otherwise indicated, all matters to be referred under § 16.24 by an Assistant Attorney General, the Director of the EOUST, or such person's designees to the Deputy or Associate Attorney General shall be referred (1) to the Deputy Attorney General, if the matter is referred personally by or through the designee of an Assistant Attorney General who is within the general supervision of the Deputy Attorney General, or (2) to the Associate Attorney General, in all other cases.

(b) All other matters to be referred under § 16.24 to the Deputy or Associate Attorney General shall be referred (1) to the Deputy Attorney General, if the originating component is within the supervision of the Deputy Attorney General or is an independent agency that, for administrative purposes, is within the Department of Justice, or (2) to the Associate Attorney General, if the originating component is within the supervision of the Associate Attorney General.

(c) Upon referral, the Deputy or Associate Attorney General shall make the final decision and give notice thereof to the responsible official and such other persons as circumstances may warrant.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (2)

Current through June 15, 2017; 82 FR 27601.

End of Document                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

---

Code of Federal Regulations
    Title 28. Judicial Administration
        Chapter I. Department of Justice
            Part 16. Production or Disclosure of Material or Information (Refs & Annos)
                Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.26

§ 16.26 Considerations in determining whether production or disclosure should be made pursuant to a demand.

Currentness

(a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:

(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and

(2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

(b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:

(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),

(2) Disclosure would violate a specific regulation;

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(c) In all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section, the Deputy or Associate Attorney General will authorize disclosure unless, in that person's judgment, after considering paragraph (a) of this section, disclosure is unwarranted. The Deputy or Associate Attorney General will not approve disclosure if

---

the circumstances specified in paragraphs (b)(1) through (b)(3) of this section exist. The Deputy or Associate Attorney General will not approve disclosure if any of the conditions in paragraphs (b)(4) through (b)(6) of this section exist, unless the Deputy or Associate Attorney General determines that the administration of justice requires disclosure. In this regard, if disclosure is necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, consideration shall be given to:

(1) The seriousness of the violation or crime involved,

(2) The past history or criminal record of the violator or accused,

(3) The importance of the relief sought,

(4) The importance of the legal issues presented,

(5) Other matters brought to the attention of the Deputy or Associate Attorney General.

(d) Assistant Attorneys General, U.S. Attorneys, the Director of the EOUST, U.S. Trustees, and their designees, are authorized to issue instructions to attorneys and to adopt supervisory practices, consistent with this subpart, in order to help foster consistent application of the foregoing standards and the requirements of this subpart.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (133)

Current through June 15, 2017; 82 FR 27601.

    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2017 Thomson Reuters. No claim to original U.S. Government Works.    2

<table>
<tr><td>

Code of Federal Regulations
   Title 28. Judicial Administration
     Chapter I. Department of Justice
       Part 16. Production or Disclosure of Material or Information (Refs & Annos)
         Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

</td></tr>
</table>

28 C.F.R. § 16.27

§ 16.27 Procedure in the event a department decision concerning a demand
is not made prior to the time a response to the demand is required.

Currentness

If response to a demand is required before the instructions from the appropriate Department official are received, the responsible official or other Department attorney designated for the purpose shall appear and furnish the court or other authority with a copy of the regulations contained in this subpart and inform the court or other authority that the demand has been or is being, as the case may be, referred for the prompt consideration of the appropriate Department official and shall respectfully request the court or authority to stay the demand pending receipt of the requested instructions.

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Current through June 15, 2017; 82 FR 27601.

---

End of Document                        © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 28. Judicial Administration
    Chapter I. Department of Justice
      Part 16. Production or Disclosure of Material or Information (Refs & Annos)
        Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

28 C.F.R. § 16.28

§ 16.28 Procedure in the event of an adverse ruling.

Currentness

If the court or other authority declines to stay the effect of the demand in response to a request made in accordance with § 16.27 of this chapter pending receipt of instructions, or if the court or other authority rules that the demand must be complied with irrespective of instructions rendered in accordance with §§ 16.24 and 16.25 of this part not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department official, respectfully decline to comply with the demand. See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

SOURCE: Order No. 919–80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156–98, 63 FR 29593, June 1, 1998; Order No. 2258–99, 64 FR 52226, Sept. 28, 1999; Order No. 3517–2015, 80 FR 18106, April 3, 2015; Order No. 008–2015, 80 FR 34051, June 15, 2015; Order No. 3803–2016, 82 FR 727, Jan. 4, 2017, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 553; 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717.

Notes of Decisions (11)

Current through June 15, 2017; 82 FR 27601.

---

**End of Document**                                   © 2017 Thomson Reuters. No claim to original U.S. Government Works.